\

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY FEAR, | No. 14-cv-5473 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF Nos. 25, 27, 29, 30] |
| CDCR EMPLOYEES AT SAN QUENTIN; et al., | |
| Defendants. | |
| _____/ | |

Timothy Fear filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis.* Mr. Fear's original complaint alleged that he was being harassed by prison officials and other prisoners. The court reviewed the complaint, found numerous problems with it, and dismissed it with leave to file a second amended complaint. The court cautioned Mr. Fear that "his second amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc)." (ECF No. 21 at 9.)

Mr. Fear has filed a second amended complaint and a second amendment. (ECF Nos. 29 and 30.) The allegations in the second amended complaint and second amendment pertain to a device Mr. Fear has written about in several filings. Mr. Fear alleges that the "CDCR has a 'secret' or better

UNITED STATES DISTRICT COURT
For the Northern District of California

1  described unmentioned (because no one would think to ask) security system in *all* offices and cells.
2  The features of this security unit are electrical in nature and embedded in the housing unit of light(s)
3  in offices and cells." (ECF No. 30 at 1.)   The device allegedly is meant to be a non-lethal tool for
4  controlling inmates but correctional officers have learned how to make it lethal when "used on part
5  of anatomy that it was not designed for."  (*Id.*)   "The Green Wall C/O's use system to cause
6  aneurysm of artery in brain.  This method is used on sleeping inmates." (ECF No. 29 at 2.)
7  Correctional officers have used the "secret security system to attempt to kill" Mr. Fear, apparently at
8  Corcoran, Salinas Valley, CTF-Soledad, and the Correctional Health Care Facility in Stockton.  (*Id.*)
9     The device is more fully described in a recent "motion of information" from Mr. Fear.  In that
10 motion, he writes that each light in each cell and office has "a unit that can send shaped electrical
11 charges into inmate during a hostage situation or other crisis situation."  (ECF No. 28 at 3.)  Rogue
12 correctional officers have used the device to send a "power stream" at "an artery located in back of
13 brain.  This artery can be accessed through soft-spot in skull w/ power stream of electricity (method
14 painless - artery has no nerves) that hits inmate (sleeping on side/stomach) 3-5 second blast/hit of
15 electricity on artery degrades artery in 3-40 day.  Aneurysm occurs.  The aneurysm is ruled
16 natural/unsuspicious death."  (*Id.* at 3-4 (errors in source); *see also* ECF No. 26 at 3-4 (diagrams of
17 system in operation).)  The power stream of electricity allegedly was used on Mr. Fear and "clipped"
18 his artery while he was sleeping."  (ECF No. 28 at 5.)
19    The *in forma pauperis* statute, 28 U.S.C. § 1915, and the prisoner litigation screening statute, 28
20 U.S.C. § 1915A, accord judges "not only the authority to dismiss a claim based on an indisputably
21 meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual
22 allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v.*
23 *Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
24 "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with
25 which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also Andrews v.*
26 *King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or importance:
27 having no basis in law or fact.'").
28    Mr. Fear's second amended complaint, as amended, alleges the sort of fantastic or delusional

1  scenario contemplated in *Neitzke*.  The secret device Mr. Fear describes – one that is hidden from
2  view in the light fixtures, used on inmates only when they cannot observe its use, shooting energy
3  pulses into the base of their skulls, and causing injuries not felt and not visible to the naked eye –
4  coupled with the allegation that the device is being used by multiple officials at multiple prisons in
5  an effort to kill him is not a part of reality.  The court need not accept as true these clearly baseless
6  factual contentions.  *See Neitzke*, 490 U.S. at 327-28.    The second amended complaint, as
7  amended, is delusional and therefore is DISMISSED as factually frivolous.  *See id.*

8      The court denies Mr. Fear's several miscellaneous motions.  Mr. Fear's motion for a further
9  extension of the deadline to file his second amended complaint is DENIED as unnecessary because
10 he was able to file a second amended complaint and second amendment before the deadline arrived.
11 (ECF No. 25.)  Mr. Fear's motions for the court to investigate his claims and to subpoena Warden
12 Sherman to answer questions about the secret device are DENIED; having determined that Mr.
13 Fear's claims are delusional, the court will not permit discovery on those claims.  (ECF Nos. 27 and
14 30.)

15     The clerk shall close the file.

16 **IT IS SO ORDERED.**

17 Dated: July 1, 2015

18                                                        LAUREL BEELER
                                                       United States Magistrate Judge